UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: KIRBY JEHAN BROOKS, | § § § | CASE NO.  24-31943 |
| Debtor | § § § | CHAPTER  7 |
| KIRBY JEHAN BROOKS, | § § | |
| Plaintiff, | § § | |
| v. | § § § | ADV. PRO: 24-3095 |
| UNITED STATES DEPARTMENT OF EDUCATION, | § § § § | |
| Defendant. | § | |

**JOINT MOTION FOR ORDER DETERMINING DISCHARGEABILITY**

Plaintiff Kirby Jehan Brooks and the United States of America, on behalf of the United States Department of Education ("DOE"), respectfully stipulate to the following facts and conclusions and jointly move the Court for a determination that Plaintiff's DOE student loan debts that are the subject of this adversary proceeding are dischargeable under 11 U.S.C. § 523(a)(8).

**FACTUAL BACKGROUND**

1. Plaintiff filed her voluntary chapter 7 bankruptcy petition on April 30, 2024. *See* Bankr. Case No. 24-31943. *See* ECF Doc 1.

2. The Chapter 7 Trustee filed her Report of No Distribution in that case on June 12, 2024, asserting that after a diligent inquiry into the financial affairs of the Plaintiff-Debtor and the location of the property belonging to the estate, there was no property available for distribution from the estate over and above that exempted by law. *See* 24-31943, ECF Doc. 22.

3. Meanwhile, on April 30, 2024, Plaintiff filed this adversary proceeding to determine the dischargeability of her student loan debts to DOE. ECF Doc 1.

4. In total, Plaintiff has borrowed $38,202 to obtain a bachelor's degree. She has attended two different universities but withdrew from each university without completing her degree.

5. As of June 3, 2024, the balance of the student loan debts was $38,351.00 with interest.

6. Plaintiff seeks a determination that all of these student loans are dischargeable.

## LEGAL ANALYSIS

Student loans debts are generally not to be discharged under the Bankruptcy Code. 11 U.S.C. § 523(a)(8). However, a narrow exception exists where "excepting such debt from discharge . . . will impose an undue hardship on the debtor and the debtor's dependents." *Id.* While the Bankruptcy Code does not define "undue hardship," the Fifth Circuit, along with the significant majority of circuits, has adopted the standard set forth in *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395 (2d Cir. 1987). *See, e.g.*, *In re Gerhardt*, 348 F.3d 89, 91 (5th Cir. 2003); *In re Cox*, 338 F.3d 1238, 1241-42 (11th Cir. 2003). The *Brunner* test requires the debtor to show:

> "(1) that the debtor cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans."

*In re Gerhardt*, 348 F.3d at 91 (citing *Brunner*, 831 F.2d at 396). The debtor must prove that all three *Brunner* factors are met by a preponderance of the evidence. *In re Mosley*, 494 F.3d 1320, 1324 (11th Cir. 2007). However, "the bankruptcy court must make an independent determination of undue hardship . . . even if the creditor fails to object or appear in the adversary proceeding." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 278 (2010).

## STIPULATION

The United States of America and Plaintiff agree that Plaintiff has satisfied the *Brunner* test and shown that excepting Plaintiff's student loan debts from discharge will impose an undue hardship on Plaintiff. Specifically, the Parties stipulate that (1) Plaintiff cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that

3

this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that Plaintiff has made good faith efforts to repay the loans.

The United States of America and Plaintiff thus jointly move the Court for an order determining that Plaintiff's DOE student loan debts are dischargeable under 11 U.S.C. § 523(a)(8).

## CONCLUSION

Based on the foregoing, the parties respectfully request that the Court enter an order determining that Plaintiff's student loan debts listed above are dischargeable under 11 U.S.C. § 523(a)(8) and granting such other and further relief as the Court deems just and proper.

Dated: December 11, 2024                           Respectfully submitted,

| | |
|---|---|
| /s/Kirby Brooks w/ permission | ALAMDAR S. HAMDANI<br>United States Attorney |
| Kirby Jehan Brooks<br>Address<br>Telephone: | By: /s/ Natasha Alexander<br>Natasha Alexander<br>Assistant United States Attorney<br>Southern District No. 3770021<br>Texas Bar No. 24125476  1000 Louisiana, Suite 2300<br>Houston, Texas 77002<br>Tel: (713) 567-9422<br>Fax: (713) 718-3303<br>E-mail: Natasha.Alexander@usdoj.gov |
| **Plaintiff** | **Attorney for the Department of Education** |